UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMON J. BALDONE, APLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3924** |
| **THERESA MOORE** | **SECTION: "H"** |

ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 12). For the following reasons, the Defendant's Motion to Dismiss is **GRANTED**, and this matter is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

BACKGROUND

In this diversity action, Plaintiff Damon J. Baldone, APLC brings a breach of contract claim against Defendant Theresa Moore arising out of Defendant's alleged breach of an Attorneys' Retainer Contract ("the Agreement"). In its Complaint, Plaintiff alleges that on August 4, 2020, Defendant retained Forester Haynie, PLCC ("Forester Haynie"), Texas professional limited liability company, and Plaintiff, a Louisiana professional law corporation, to represent her for damages arising from a personal injury claim. Plaintiff states that Forester Haynie assigned its rights to the

Agreement to Plaintiff who alleges he represented Defendant and was then terminated by her on October 7, 2021, without cause. According to Plaintiff, Defendant breached the Agreement by terminating Plaintiff after he completed his representation and failing to honor the terms of the Agreement. Plaintiff alleges that as a result of this breach or nonperformance of the Agreement, Defendant is liable to him for damages.

Now before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. Plaintiff opposes.

## LEGAL STANDARD

### A. *Motion to Dismiss for Lack of Personal Jurisdiction*

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[1] When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.[2] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[3] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[4] The Court may consider matters outside the complaint,

---

[1] Luv N' care, Ltd. v. Insta–Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)).
[2] Guidry v. U.S. Tobacco, Co., 188 F.3d 619, 625 (5th Cir. 1999).
[3] Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270 (5th Cir. 1983)).
[4] Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir. 1996).


Agreement to Plaintiff who alleges he represented Defendant and was then terminated by her on October 7, 2021, without cause. According to Plaintiff, Defendant breached the Agreement by terminating Plaintiff after he completed his representation and failing to honor the terms of the Agreement. Plaintiff alleges that as a result of this breach or nonperformance of the Agreement, Defendant is liable to him for damages.

Now before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. Plaintiff opposes.

## LEGAL STANDARD

### A.  *Motion to Dismiss for Lack of Personal Jurisdiction*

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[1] When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.[2] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[3] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[4] The Court may consider matters outside the complaint,

---

[1] Luv N' care, Ltd. v. Insta–Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)).

[2] Guidry v. U.S. Tobacco, Co., 188 F.3d 619, 625 (5th Cir. 1999).

[3] Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270 (5th Cir. 1983)).

[4] Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir. 1996).

including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[5]

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state, and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.[6] In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[7]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'"[8] A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[9]

1. **Minimum Contacts**

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[10] Specific personal jurisdiction exists when a defendant has purposely directed its activities, or availed itself of the privileges of

---

[5] *Id.* (citing Colwell Realty Invs. v. Triple T. Inns of Ariz., 785 F.2d 1330 (5th Cir. 1986)).
[6] Dalton v. R&W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990).
[7] Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784, 786 (5th Cir. 1990); *see also* LA. REV. STAT. § 13:3201.
[8] Pervasive Software Inc. v. Lexware GMBH & Co. KG, 688 F.2d 214, 220 (5th Cir. 2012) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).
[9] Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316).
[10] Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000).

conducting its activities, toward the forum state and the controversy arises out of or is related to those activities.[11] General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[12]

### 2. Fairness

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied."[13] The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.[14]

## B. *Motion to Dismiss for Improper Venue*

Under Rule 12(b)(3), a party may assert by motion the defense of improper venue.[15] When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[16] Rule 12(b)(3) permits the court to look at all evidence in the record "beyond simply those facts alleged in the complaint and its proper attachments."[17]

---

[11] Burger King Corp. v. Rudzewicz, 471 U.S. 262, 472 (1985).
[12] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).
[13] Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994) (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 105 (1987)).
[14] Bullion v. Gillespie, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (internal citations omitted).
[15] Fed. R. Civ. P. 12(b)(3).
[16] Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte, 536 F.3d 439, 448–49 (5th Cir. 2008).
[17] Lighthouse MGA, L.L.C. v. First Premium Ins. Grp., Inc., 448 F. App'x 512, 514 (5th Cir. 2011).

4

## LAW AND ANALYSIS

Plaintiff alleges that this Court has specific personal jurisdiction over Defendant. To establish specific personal jurisdiction, Plaintiff must prove that: "(1) there are sufficient (i.e., not 'random fortuitous or attenuated') pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts."[18] If Plaintiff meets its burden, Defendant "can then defeat the exercise of specific jurisdiction by showing (4) that it would fail the fairness test, i.e., that the balance of interest factors show that the exercise of jurisdiction would be unreasonable."[19]

Defendant avers that she did not purposefully avail herself of the privilege of conducting activities in Louisiana because she never signed a contract with the Plaintiff in this case, has never been to Louisiana, and only met Plaintiff one time in Dallas, Texas.[20] Still, Defendant initially called Plaintiff's Louisiana office to retain its services.[21] Plaintiff alleges that its representation of the Defendant was memorialized in the Agreement[22] and included making "phone calls, assisting in strategic decision-making, co-signing all pleadings, attending [Defendant's] deposition, and participating in [Defendant's] mediation."[23] As a result of this work, Plaintiff asserts that

---

[18] *Pervasive Software*, 688 F.3d at 221.
[19] *Id.* at 221–22.
[20] Doc. 12 at 3.
[21] *See* DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1271 (5th Cir. 1983) ("[A]ll conflicts in the facts alleged in opposing affidavits must be resolved in plaintiff[s'] favor for purposes of determining whether a prima facie case for in personam jurisdiction has been established.") (internal quotation marks omitted).
[22] Doc. 14-2.
[23] Doc. 14 at 4.

Defendant benefited from Plaintiff's representation.[24] The parties agree that Defendant never visited Louisiana over the course of this representation.

"It is now well settled that an individual's contract with an out-of-state party *alone* [cannot] automatically establish sufficient minimum contacts in the other party's home forum."[25] "In cases involving contracts, the exercise of jurisdiction requires an evaluation of the following factors surrounding the contract and its formation: (1) prior negotiations between the parties; (2) contemplated future consequences of the contract; (3) the terms of the contract; and (4) the parties' actual course of dealing"[26] to "determine[e] whether the defendant purposefully established minimum contacts within the forum."[27]

Looking first to prior negotiations between the parties, the Court finds that Plaintiff alleges nothing in its Complaint about prior discussions between itself and Defendant regarding its representation of her or creation of the terms of the Agreement. The Agreement appears to be a standard contract prepared by Forester Haynie, lacking even a signature block featuring Plaintiff's name or its information. Next, Plaintiff alleges nothing regarding a discussion of contemplated future consequences of the contract between itself and Defendant. As for one forward-looking term of the Agreement, Paragraph 11 clearly states that "[t]his contract is originated in, and is performable in, the State of Texas. It is to be governed by Texas law."[28] Further, "Louisiana" cannot be found anywhere in the Agreement's terms. Thus, the terms of the Agreement reveal nothing about the Defendant's connection with the forum state; in fact, they explicitly contemplate a connection with Texas and implicitly contemplate a connection with Arizona where the incident for which

---

[24] *Id.*
[25] *Pervasive Software*, 688 F.3d at 222–23 (internal quotation marks omitted).
[26] A & L Energy, Inc. v. Pegasus Grp., No. 2000-3255 (La. 6/29/01), 791 So. 2d 1266, 1272.
[27] *Id.* at 223.
[28] *See* Doc. 14-2 at 2., ¶11.

6

Defendant was seeking Plaintiff's representation took place. Finally, there is no evidence offered by Plaintiff to show what its course of dealing with Defendant entailed. It offers no evidence of expenses incurred, e-mails exchanged, or meetings attended in the course of its representation of Defendant. Only Defendant, in her Affidavit in support of the instant motion, states that she met with Plaintiff once during the course of its representation in Dallas, Texas, not Louisiana.[29] Taken all together, it appears that in seeking representation for her personal injury claim, Defendant purposefully established a connection with Forester Haynie, a Texas LLC, and not Plaintiff, despite Forester Haynie assigning a portion of its interest in Defendant's claims to Plaintiff.

Considering the foregoing, the Court finds that the Agreement alone is not a sufficient pre-litigation connection between Defendant and the forum state to constitute minimum contacts for the purposes of exercising specific personal jurisdiction over Defendant. Defendant, a California resident, who signed a contract with a Texas-based law firm to represent her in a matter that took place in Arizona, did not establish minimum contacts with Louisiana, or purposefully avail herself of the protections and benefits of its laws. Having found minimum contacts were not established in this case, the Court does not consider the fairness prong of the jurisdictional inquiry. Further, having found that this court cannot exercise specific personal jurisdiction over the Defendant, the Court does not reach the issue of venue.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

---

[29] Doc. 12-2 at 1.

New Orleans, Louisiana this 7th day of October, 2024.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**